**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles E Nealy, Jr., | No. CV-21-02234-PHX-DLR (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

    Plaintiff Charles E. Nealy Jr., who is currently confined in the Arizona State Prison Eyman Complex, brought this civil rights action pursuant to 42 U.S.C. § 1983. On March 2, 2023, the Court referred the case to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1). On November 9, 2023, Magistrate Judge Metcalf denied Plaintiff's motion to amend the discovery deadline—a motion Plaintiff previously filed and was denied (*see* Doc. 45)—finding that Plaintiff failed to argue or show an inability to meet the discovery schedule despite diligence. (Doc. 53 at 1.) In that same order, Magistrate Judge Metcalf also denied Plaintiff's motion to appoint counsel, again another motion previously filed and denied (*see* Doc. 45), finding that Plaintiff showed neither complexity of the issues nor likelihood of success on the merits. (Doc. 53 at 1.) Then, on November 15, 2023, Magistrate Judge Metcalf denied Plaintiff's motion for reconsideration of the November 9 order, finding that Plaintiff failed to demonstrate newly discovered evidence, clear error or manifest injustice, or an intervening change in law.

(Doc. 55.) Pending before the Court is Plaintiff's appeal from Judge Metcalf's November 9 and November 15 orders. (Doc. 57.) For the reasons explained below, the Court affirms both orders.

A district court may review a magistrate judge's ruling on any "pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). A court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(a). "A finding is 'clearly' erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal. Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1903). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Hill v. Maricopa Cnty. Sheriff's Off.*, No. CV-18-02613-PHX-GMS, 2020 WL 7828761, at *1 (D. Ariz. Dec. 31, 2020) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)).

Having reviewed Magistrate Judge Metcalf's orders and Plaintiff's memorandum on appeal, the Court finds no clear error nor any part of the order that is contrary to law. Plaintiff's memorandum spends considerable time discussing claims previously dismissed and matters outside the scope of either the discovery schedule or his previous requests to appoint counsel. And while Plaintiff argues that his discovery requests are relevant to the claims and defenses in this case, Plaintiff does not demonstrate how Magistrate Judge Metcalf erred in denying his request to amend the deadlines. Accordingly, Plaintiff's objections are overruled.

**IT IS SO ORDERED** that Magistrate Judge Metcalf's orders (Docs. 53, 55) are **AFFIRMED**.

Dated this 8th day of December, 2023.

Douglas L. Rayes
United States District Judge